WILLIAM S. MORSE *v.* ALFRED TOWNS, PR., & JOHN TENNANT, TRUSTEE.

After money has been paid by a town to a volunteer, as a bounty, under the act to encourage enlistments, it is no longer exempt from attachment by the trustee process, but may be reached like any other money.

IN this case Tennant was summoned as the trustee of Towns, and he disclosed, in substance, that Towns, having enlisted into the volunteer service, received from the town of Pembroke a bounty of two hundred dollars, and, when he went into the army, left it with his wife for the support of herself and their two children. That the wife used a part of it, and, of the rest, put into the hands of the trustee $150, to be returned from time to time as needed for the support of the family, and for this sum the trustee gave her his note payable to her or her order; of this sum about $100 is still in trustee's hands; and he also stated that he took it expressly as the bounty money of the husband, and that the wife had no other means of support.

*Minot & Mugridge*, for plaintiffs.

I. The reasons which apply in the case of a trustee process on the towns before the payment of the bounty, do not apply in this case where the money has been paid to the volunteer and become his property.

The same principle which would exempt the funds in this case would apply to every case where the bounty money could be distinctly traced. Thus it would exempt forever from attachment or liability in any way for his debt, any personal property or real estate which the volunteer might purchase with the bounty money or its proceeds, as far as they could be traced. The effect would be to create exemptions beyond those created by the statute and not recognized by them.

II. The bounty money to volunteers is not raised or paid for a specific use by the volunteer. It is a bounty offered to encourage enlistments and its whole object is accomplished when the enlistments are secured.

The volunteers then receive the money to dispose of it as they please. The statute authorizing the payments of bounties by towns and the votes of towns on the subject have no reference whatever to the use to be made of the money by the volunteers when once paid to them ; and so far from contemplating any specific appropriation of it to the support of families or dependents, they disregard any such purpose by making the payment to all alike, without reference to whether or not they may have families or dependents, and even make provisions for such families or dependents, in cases where they exist, entirely independent of the bounty, by State aid, &c.

III. The money belonged to the husband. Even if he had desired, he could not make any disposition of it by gift to his wife, to the prejudice of existing creditors. The statute authorizing wives to hold separate property especially provides against that. But there is no evidence in this case that the husband intended any such gift. He did not give the money to his wife, but merely left it to be used for the support of his family, as he was bound to support them. But it was still at his control. This case is not different from any case where a debtor might leave the money with any person to be applied to the future support of his family. Such disposition would be good except as against creditors, but void as to them.

*Fowler & Chandler,* for the trustee.

The trustee is not chargeable under the the circumstances disclosed in this case.

I. This court have already distinctly holden that the bounty voted by a town to encourage the enlistment of a volunteer is not trusteeable in the hands of the town, on grounds of public policy. *Opinion of the Justices,* furnished Gov. Berry in 1862 ; *Brown* v. *Heath & Clarkville, Tr.,* Law Register, Dec. 1863, 125.

The same principle is equally applicable to the fund wherever found, so long as it can be distinguished and identified as the same fund voted by the town, and must protect it in whosoever hands it may be found. The influence upon the public service would be equally deleterious, to hold that the fund might be attached in the hands of the volunteer, his wife, or a third person with whom it may have been placed for safe keeping, as in the hands of the town. The tendency of holding it attachable at all is to prevent and defeat the very purpose for which the fund was created ; and, having taken one step in the right direction, the court should not and will not hesitate to carry the doctrine to its legitimate results, and hold the fund unattachable so long as it can be identified.

II. The fund in this case was devoted by the volunteer to the purposes for which it was raised, by his leaving it in the hands of his wife for her support and that of his family. The deposit of it with the trustee, unless for the same purpose, was an unauthorized act of the wife ; and to hold that the fund may be attached in the hands of the trustee to pay an antecedent debt of the volunteer, would be to divert it from its purpose, without the authority and contrary to the intention of the volunteer him-

self.   The trustee, therefore, must hold the fund as a trust fund for the use of the wife and children, and cannot be charged therefor in this process.   *Perry* v. *Richards*, 44 N. H. ; *Mayhew* v. *Price*, 42 Me. 296 ; *Pickering* v. *Wendell*, 20 N. H. 222 ; *Hinkley* v. *Williams*, 1 Cush. 492 ; *Wright* v. *Bosworth*, 7 N. H. 593 ; *Dickinson* v. *Strong*, 4 Pick. 57 ; *Lupton* v. *Cutter*, 8 Pick. 298.

III.   The fund given to the wife for her support, and that of her infants and unborn child, under the circumstances of this case, may well be regarded as property which she is entitled to hold to her sole and separate use, free from the interference and control of her husband.   It was the bounty of the town given to her for specified purposes, not occasioned by payment or pledge of the property of the husband within the meaning of the statute, and she might rightfully loan it to the trustee as was done.   Act of July 4, 1860 ; Laws of 1860, 2246.   And the debt is now due from the trustee to the wife, and not to the principal defendant.   The note was properly given to the wife, and is not trusteeable for the debts of the husband.

BELLOWS, J.   In the case of *Brown* v. *Heath*, *Pr.*, *Clarkville Trustee*, Coos County, August, 1863, it was decided that the bounty to which a volunteer was entitled, while still in the hands of the town, could not be attached upon the trustee process ; and such was the opinion of the Justices of this Court as furnished the Governor of the State, in 1862.

Such a proceeding by which the bounty could be intercepted would obviously be against the policy of the law which empowered towns to offer such bounties to encourage enlistments ; and we are fully satisfied with the reasons assigned for the opinions referred to.

But the question, whether the money after it has been paid to the volunteer shall be subject to this process, is a very different one.   The object of the law is to encourage enlistments by the payment of a bounty to the volunteer, leaving him to dispose of it in any way he pleases, after it has been once received ; either for the payment of his debts, the support of his family, or in any way he may deem best.   There is, then, nothing in the policy of the law that imposes any restrictions upon the volunteer as to the mode of using this bounty ; and if he chooses to invest the money in property which, by the laws of the State, is liable to attachment, or to place it where the trustee process would ordinarily reach it, we see no ground on which it can be holden that such property or fund is exempt from attachment.

It is urged, that, to carry out the policy of the law, the doctrine of *Brown* v. *Heath & Trustee* ought to be applied to this fund wherever it can be traced or identified ; but we think it is sufficient that the fund is protected until it reaches the hands of the volunteer.   When it does, it is practically in his power to apply it for the support of his family, in obtaining a homestead, purchasing provisions or other necessaries, from time to time, which are exempt from attachment ; or, on the other hand, in applying it directly to the payment of his debts, or in the purchase of property liable to be taken for them.

Had the law provided that this bounty should be applied to the support of the soldier's family, or was such an implication fairly to be made from it, a different view ought perhaps to be taken, but no such provision is found; on the contrary, the bounty is given equally to those who have and those who have not families, and there is nothing from which any restriction on the absolute freedom of disposal by the volunteer can be inferred. Besides, the very serious difficulties in the amplification of the rule of exemption urged by plaintiff's counsel, engrafting as it would upon our attachment laws an important addition to the property already exempted, is a strong argument against the construction contended for.

It is also urged that this fund must be regarded as in the hands of the trustee for the use of the wife and family of the volunteer, and that, therefore, it is not subject to this process. But we think, that, by placing the money in the hands of the wife to be expended for the support of the family, the wife acquired no interest in it, but that it was still the money of the husband. Neither would its character be changed by the act of the wife in depositing it with the trustee.

*The trustee must be charged.*